Honorable Bob Graham Governor State of Florida The Capitol, Plaza Level Tallahassee, Florida, 32301
Dear Governor Graham:
This is in response to your request for an opinion on substantially the following question:
 IS THE GOVERNOR AUTHORIZED BY STATUTE TO SUSPEND AN ELECTED MUNICIPAL OFFICER WHO HAS HAD AN INFORMATION FILED AGAINST HIM FOR THE COMMISSION OF A FELONY?
For the following reasons, your question is answered in the affirmative.
Section 7, Art. IV, State Const., does not address the issue of suspension of an elected municipal officer who has had an information returned against him for the commission of a felony. However, s 112.52, F.S., enacted into law by Ch. 80-333, Laws of Florida, does address this issue, providing in pertinent part:
 When a method for removal from office is not otherwise provided by the State Constitution or by law, the Governor may by executive order suspend from office an elected or appointed public official, by whatever title known, who is indicated or informed against for commission of any felony, or for any misdemeanor arising directly out of his official conduct or duties, and may fill the office by appointment for the period of suspension, not to extend beyond the term. (e.s.)
Neither the title or body of Ch. 80-333 defines `public official' as used therein nor excepts municipal officers, whether they be elected or appointed, from the operation of this statute. The body of this act expressly provides that an elected or appointed public official `by whatever title known' who is informed against for commission of any felony may be suspended by executive order of the Governor. The term `an' indicates an intent to include any public official, unless such an officer is excepted from the operation of the statute. See, Black's Law Dictionary, defining `an' as an indefinite article equivalent to `one' or `any'; seealso, 3A C.J.S. An at p. 444. Moreover, the clause which follows the term `public official' — `by whatever title known' — emphasizes the intended breadth of this provision. The use by the Legislature of such broad and comprehensive terms — any elected public official by whatever title known — indicates a legislative intent to include everything embraced within the generality of such comprehensive terms. Moreover, where a statute is couched in broad, general and comprehensive terms as is s 112.52 and is prospective in nature, it may be held to apply to situations, persons or entities not contemplated at the time of enactment, provided that they are in the same general class as those treated in the statute, are reasonably within the scope and purpose of the statute, and there is nothing within the statute indicating an intention to exempt them. See, Florida State Racing Commission v. McLaughlin,102 So.2d 574 (Fla. 1958); Florida Industrial Commission v. Growers Equipment Co., 12 So.2d 889 (Fla. 1943); State v. City of Jacksonville, 50 So.2d 532 (Fla. 1951); see generally, 30 Fla.Jur. Statutes s 81; 73 Am.Jur.2d Statutes s 199.
In summary, except as otherwise provided by the Constitution or by law, s 112.52, F.S., empowers the Governor to suspend from office any elected municipal officer who is informed against for the commission of any felony. I am not aware of any other constitutional or statutory provision providing for the suspension from office of elected municipal officers who are informed against for the commission of a felony.
Section 112.52, F.S., is, of course, presumptively valid and must be given effect until it is judicially declared unconstitutional. See, Department of Educ. v. Lewis,416 So.2d 455 (Fla. 1982); Pickerill v. Schott, 55 So.2d 716 (Fla. 1951); State v. State Board of Equalizers, 94 So. 681 (Fla. 1922). This office is without power to pass on the validity of a duly enacted statute.
In summary, it is my opinion that s 112.52, F.S., except as otherwise provided by law, empowers the Governor to suspend by executive order, an elected municipal officer who has had an information filed against him for the commission of a felony.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General